UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

```
ALAN JOSEPH MURILLO,            :
                                :
        Plaintiff               :
                                :
    v.                          :   CIVIL NO. 3:CV-05-1730
                                :
NICK REMICK,                    :   (Judge Conaboy)
                                :
        Defendants              :
```
_____

### MEMORANDUM AND ORDER
### Background

Alan Joseph Murillo, an inmate presently confined at the Dauphin County Prison, Harrisburg, Pennsylvania, initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. Along with his complaint, Plaintiff has submitted an application seeking leave to proceed in forma pauperis.[1] For the reasons outlined below, Murillo's complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Named as Defendant is Nick Remick, who is identified as being a Treatment Counselor at the Dauphin County Prison. Plaintiff claims that on August 1, 2005, he was called out of

---

[1] Murillo completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the warden of the Dauphin County Prison to commence deducting the full filing fee from Plaintiff's prisoner trust fund account.

his cell and sent to Counselor Remick's office.  Following his arrival and in the presence of two other inmates, Remick allegedly asked Plaintiff if he was gay.  Murillo admitted that he had disclosed that he was gay "on numerous different accusions [sic]" in G-Block.  Doc. 1, ¶ IV, p. 2.  However, when Plaintiff refused to disclose more information regarding his lifestyle, the Defendant purportedly became upset and called him a liar.  See id.

    Plaintiff asserts that Remick next told him that if he was gay, he would have to be transferred to a cell block in the prison which housed sexual offenders and anger management cases. Later that same day, Remick, in the presence of other inmates, again allegedly criticized Plaintiff for being gay.  The complaint also maintains that the Defendant subjected Murillo to additional threats and verbal harassment regarding his sexual preference and encouraged other inmates to subject him to similar mistreatment.[2]  His final claim is that Remick had him removed from an institutional close core group program and transferred to a reclassification program.  Plaintiff seeks injunctive relief and compensatory damages.

---

[2]  It is noted that Plaintiff states that other gay inmates received the same treatment from Remick.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit)  § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).  Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit

has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  Denton, 504 U.S. at 33.

A plaintiff, in order to state a viable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

In the present case Murillo alleges that he was subjected to verbal harassment and threats by Counselor Remick.  Plaintiff also appears to take issue with Remick's decision to have him reclassified.  As relief, Murillo seeks monetary damages and requests that Remick be required to undergo sensitivity training to correct his conduct towards gay inmates.  With the exception

that he was apparently removed from the Defendant's close core group program, Murillo was not denied institutional privileges or admittance to institutional rehabilitative programs.  Rather, the complaint is seeking relief based on Remick's alleged verbal harassment.  With respect to Remick's determination that Plaintiff should undergo reclassification, it is unclear as to why reclassification was ordered.  Murillo alleges that Remick was upset that the prisoner was gay.  However, Plaintiff also indicates that the Defendant accused him of being a liar and that the parties engaged in verbal exchanges during the institutional close group program.  The outcome of the reclassification is equally unclear.  More importantly, Plaintiff does not seek any relief based upon the reclassification issue.  For example, he has not asked to be returned to the cell block where he was originally assigned or reinstated to the Defendant's close core group program.  His action seeks relief solely on the basis of the alleged verbal harassment.

It has been held that the use of words, however violent, generally cannot constitute an assault actionable under § 1983. Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.), cert. denied, 414 U.S. 1033 (1973); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp.

383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); <u>Prisoners' Legal Ass'n v. Roberson</u>, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983.").

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. <u>Fisher v. Woodson</u>, 373 F. Supp. 970, 973 (E.D. Va. 1973); <u>see also</u> <u>Balliet v. Whitmire</u>, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), <u>aff'd</u>, 800 F.2d 1130 (3d Cir. 1986) (Mem.).

It has also been held that a constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, <u>see</u> <u>Prisoners' Legal Ass'n</u>, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause, <u>see</u> <u>Pittsley v. Warish</u>, 927 F.2d 3, 7 (1st Cir.), <u>cert. denied</u>, 502 U.S. 879 (1991).

Verbal harassment or threats, with some reinforcing act accompanying them, however, may state a constitutional claim. For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. <u>See</u> <u>Northington v. Jackson</u>, 973 F.2d 1518 (10th Cir. 1992) (guard

6

put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife).  It has also been found that verbal harassment can rise to a constitutional level in a situation where fulfillment of the threat was conditioned on the inmate's exercising some constitutionally protected right.  Bieros v. Nicola, 860 F. Supp. 226, 233 (E.D. Pa. 1994); see also Prisoners' Legal Ass'n, 822 F. Supp at 189; Murray, 809 F. Supp. at 384.

Likewise, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." Clark v. Township of Falls, 890 F. 2d 611, 619 (3d Cir. 1989). Accord Siegert v. Gilley, 500 U.S. 226, 233-35 (1991).  An inmate does not have a constitutionally protected interest in his reputation, consequently, claims of slander may not be entertained under § 1983.  See Paul v. Davis, 424 U.S. 693, 701-02 (1976)(liberty interest requires more than mere injury to reputation).  The Court of Appeals for the Fourth Circuit in Paine v. Baker, 595 F.2d 197, 201 (4th Cir.), cert. denied, 444 U.S. 925 (1979), has also held that a prisoner's disagreement with "evaluations and opinions regarding him" are insufficient to set forth an actionable constitutional claim.

In addition, the United States Supreme Court has held that

7

a federal inmate has "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); James v. Reno, 39 F. Supp. 2d 37, 40 ( D.D.C. 1999)(citation omitted) (a federal inmate "has no liberty interest in his security classification").

Murillo has not alleged that the verbal harassment was accompanied by any reinforcing physical act as contemplated under Northington.  Likewise, the purported threats were not premised on Plaintiff's future engagement in a constitutionally protected activity.  The Plaintiff also has no due process interest in a certain custodial classification.  He has also not alleged that he was treated differently from other inmates having the same sexual orientation.  Thus, since Murillo did not suffer a change or denial of a constitutionally protected right or status, his allegations of verbal abuse and threats by Counselor Remick do not rise to the level of a viable § 1983 claim.  Moreover, any change in custody classification and institutional placement did not result in the type of atypical or significant hardship necessary to establish a constitutional violation under Sandin v. Conner, 515 U.S. 472, 484 (1995).  See James v. Reno, 39 F. Supp. 2d 37, 40 (D.D.C. 1999).

Since Plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without

8

prejudice, as legally frivolous.  Wilson, 878 F.2d at 774. Under the circumstances, this Court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve.  See Roman, 904 F.2d at 195 n.3.  An appropriate Order will enter.

　　　AND NOW, THEREFORE, THIS 19th  DAY OF OCTOBER, 2005, IT IS HEREBY ORDERED THAT:

　　　　　1.　Plaintiff's motion to proceed in forma pauperis is construed as a motion to proceed without full prepayment of fees and costs and the motion is granted.

　　　　　2.　The complaint is dismissed, without prejudice, as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[3]

　　　　　3.　The Clerk of Court shall close the case.

　　　　　4.　Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

　　　　　　　　　　　　　　　S/Richard P. Conaboy
　　　　　　　　　　　　　　　RICHARD P. CONABOY
　　　　　　　　　　　　　　　United States District Judge

---

[3] The dismissal of this action does not relieve Plaintiff of his obligation to pay the full filing fee.  Until the filing fee is paid in full, the Administrative Order issued on August 24, 2005, is binding on the Warden of the Dauphin County Prison, as well as the Warden or Superintendent of any correctional facility to which Plaintiff is transferred.